RICHARD GAJEWSKI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gajewski v. Commissioner
Docket No. 22936-80.
United States Tax Court
T.C. Memo 1983-133; 1983 Tax Ct. Memo LEXIS 657; 45 T.C.M. (CCH) 967; T.C.M. (RIA) 83133; March 14, 1983; Reversed and Remanded December 15, 1983 James W. Shea, for the petitioner. Robert E. Marum and Powell W. Holly, Jr., for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Chief Judge: After concessions and recalculations by respondent are taken into account, the following deficiencies [1] in income tax and addition to tax under section 6651(a)(1) [2] are in dispute: Addition to tax
Year
Deficiency
(sec. 6651(a)(1))
1976
$18,612
$4,653
1977
10,667
We must determine whether petitioner is liable for the minimum tax on tax preference *658 items imposed by section 56. The parties agree that resolution of that issue will determine whether petitioner is liable for the addition to tax. All the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioner resided in Orange, Conn., at the time he filed his petition herein. He filed an individual Federal income tax return for the taxable year 1976 on January 23, 1978, and timely filed an individual income tax return for the taxable year 1977. The only income reported by petitioner for 1976 and 1977 was gambling winnings of $335,774 and $190,287. Petitioner's gambling losses in each year were equal to or in excess of his gambling winnings and were deducted, to the extent of reported gambling winnings, as the only itemized deduction. *659 On his tax returns for those years, petitioner listed his occupation as "self-employed." Petitioner concedes that he is not in the trade or business of gambling, citing the holding-one's-self-out standard adopted by this Court in Gentile v. Commissioner,65 T.C. 1 (1975). However, as Gentile was overruled recently in Ditunno v. Commissioner, 80 T.C.     (Feb. 7, 1983), we decline to hold petitioner to his concession. Rule 91(e), Tax Court Rules of Practice and Procedure.
We find that petitioner was a full-time gambler within the context of Gentile and Ditunno.[3] We hold, therefore, that Ditunno controls [4] and that, for the reasons stated therein, petitioner's gambling losses are deductible as trade or business expenses under section 62(1) and are not tax preference items for minimum tax purposes. *660 To reflect the foregoing, Decision will be entered for the petitioner.
Footnotes
1. Respondent originally determined deficiencies and additions to tax larger than those he asserted at trial All references to deficiencies and additions to tax refer to the amounts shown above. ↩
2. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
3. Although respondent objects on brief to petitioner's requested finding of fact to this effect on the ground that it lacks support in the fully stipulated record, respondent advances no argument that the instant case should be factually distinguished from Gentile.↩ We conclude that no such distinction can fairly be drawn. 4. See also Estate of Cull v. Commissioner,T.C. Memo. 1983-80↩.